UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                            22-CR-224

BOBBY MCNEIL,

    Defendant.

## GOVERNMENT'S NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 609

The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Abbey M. Marzick and Porchia S. Lewand, hereby file this notice pursuant to Federal Rule of Evidence 609.

The government hereby advises the Court and counsel that if defendant Bobby McNeil chooses to testify at trial, the government will seek to impeach him pursuant to Federal Rule of Evidence 609 with the fact of the following felony convictions:

1. Possession of methamphetamine (habitual criminality repeater) and felony bail jumping (habitual criminality repeater), in Milwaukee County Circuit Court Case No. 2021CF4115 (JOC 9/13/24);

2. Possession of cocaine 2nd or subsequent offense, felony bail jumping, possession of narcotic drugs 2nd or subsequent offense, and possession of THC 2nd or subsequent offense, in Milwaukee County Circuit Court Case No. 2016CF5467 (JOC 4/20/17);

3. Robbery with use of force, Milwaukee County Circuit Court Case No. 2012CF2599 (JOC 4/11/13);

4. Felony bail jumping, Langlade County Circuit Court Case No. 2006CF26 (JOC

9/14/06);

5. Manufacture/deliver cocaine (<=1g) 2nd or subsequent offense, Langlade County Circuit Court Case No. 2006CF7 (JOC 12/27/07)

Rule 609 governs the admissibility of a witness' prior convictions for impeachment purposes. The Rule permits impeachment of the testifying defendant if the probative value of his prior conviction outweighs its prejudicial effect. The Rule generally excludes convictions more than 10 years old. That 10-year time limit runs from the date of conviction, or the release of the witness from the confinement imposed for that conviction, whichever is later. This 10-year time limit does not include periods of probation or parole. *See United States v. Rogers*, 542 F.3d 197 (7th Cir. 2008). The government notes that defendant was in custody with the Wisconsin State Department of Corrections and other state and local facilities for a significant period of time relevant to determine whether his prior convictions are impeachable offenses. Below are some of those date ranges. A more detailed itemization of the defendant's movement in custody will be provided to defense counsel directly.

Dated at Milwaukee, Wisconsin, this 13th day of September, 2024.

Respectfully submitted,

GREGORY J. HAANSTAD
United States Attorney

By: s/ *Abbey M. Marzick*
Abbey M. Marzick (WI Bar No. 1087215)
Porchia S. Lewand (WI Bar No. 1099830)
Assistant United States Attorneys
Office of the United States Attorney
Eastern District of Wisconsin